FILED

2026 Aug-03  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOMENEQUE PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-00048-AMM** |
| | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This case proceeds before the court on the Commissioner of the Social Security Administration's ("Commissioner") Motion to Dismiss, Doc. 15, as well as Plaintiff Domeneque Perry's various motions: motions to expedite this judicial review, Docs. 2, 8, 10, 12, 13, 14, 16, 22; Motion to Waive Pacer Fees, Doc. 25; Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 30; Motion to Amend Complaint Nunc Pro Tunc, Doc. 31; Motion and [Proposed] Order for Administrative Resolution and Settlement Mandate, Doc. 34; Motion to Clarify Use of Assistive Tools and For Protective Order Regarding Collateral Discovery, Doc. 36; Motion to Advise the Court of Executive Correspondence Regarding Intentional Litigation Delay, Doc. 39; Motion to Advise the Court of Defendant's Awareness of Settlement Track Options and Resolution Alternatives, Doc. 40;

Motion to Deny or Narrow Defendant's Request for a 60-Day Review Time, Doc. 41; and Motion to Submit Attached Records Into the Litigation Docket, Doc. 42. For the reasons set forth herein, the court **GRANTS** the Commissioner's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and **DISMISSES** Ms. Perry's claim **WITHOUT PREJUDICE**. The court also **DENIES** Ms. Perry's Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Amend Complaint Nunc Pro Tunc. The court **GRANTS IN PART** Ms. Perry's Motion to Submit Attached Records Into the Litigation Docket to the extent such documents are reflected on the docket. Furthermore, the court **DENIES** Ms. Perry's other various motions as **MOOT**.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim for which relief may be granted. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court revisited the applicable standard governing Rule 12(b)(6) motions to dismiss. First, courts must take note of the elements a plaintiff must plead to state the applicable claims at issue. *Id.* at 675. After establishing the elements of the claim at issue, the court identifies all well-pleaded, non-conclusory factual allegations in the complaint and assumes their veracity. *Id.* at 678. Well-pleaded factual allegations do not encompass mere "labels and conclusions," legal conclusions, conclusory statements, or formulaic recitations and

threadbare recitals of the elements of a cause of action. *Id.* Third, a court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements. *Id.* at 679.

Although the court should extend *pro se* complaints some measure of leniency, *see Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002), plaintiffs must comply with the Federal Rules of Civil Procedure. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

The Eleventh Circuit has prescribed a two-step inquiry for assessing a motion to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed . . . .

> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendant[] bear[s] the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the [plaintiff] has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082–83 (11th Cir. 2008) (internal citations omitted). "[P]rocedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Id.* at 1082 (citing *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008)).

In ruling on a motion to dismiss for failure to exhaust administrative remedies, "[w]here exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (footnotes omitted).

"A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (cleaned up).

4

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at 24.

## II.    ALLEGATIONS IN PLAINTIFF'S COMPLAINT

On January 12, 2026, Ms. Perry, proceeding *pro se*, filed a Complaint with the court. Doc. 1. In her complaint, Ms. Perry alleges she filed an application for Supplemental Security Income ("SSI") disability benefits on September 27, 2025. *Id.* at 3. She asserts she "documented circumstances constituting dire and critical need, including lack of income, inability to meet basic living expenses, and risk of loss of housing." *Id.* Ms. Perry alleges she then "timely and fully complied with all agency requests for information," and "[b]y early December 2025, [she] had uploaded all required forms and supporting documentation to the SSA portal, including disability reports, function reports, authorizations, and available medical records." *Id.* at 2. Ms. Perry states, "[a]s part of claim development, the agency ordered consultative examinations[,]" and "[t]he final consultative examination relating to mental health was completed on December 31, 2025." *Id.* "At that point," Ms. Perry claims, "the evidentiary record was fully developed, and no further action

5

by Plaintiff was required for the agency to proceed to adjudication." *Id.* However, Ms. Perry alleges, "[a]s of the filing of this action, the Social Security Administration has not completed adjudication of [her] claim, has not provided required expedited handling for a documented dire-need case, and has not issued interim relief or a final decision, despite having all information necessary to do so." *Id.* at 6. Because of this, Ms. Perry asserts she "escalated the matter through multiple channels" including contacting the agency field office, escalating to Administration headquarters, and seeking assistance through congressional inquiry. *Id.* at 2. Ms. Perry alleges that the agency's failure to process her claim within this time frame, spanning less than four months, represents a "prolonged delay [which] has caused ongoing and concrete harm." *Id.* at 6.

On January 20, 2026, in a subsequent motion, Ms. Perry states the Social Security Administration issued a determination denying her application, which stated some medical records and documentation "were unavailable or not received." Doc. 8 at 2. However, Ms. Perry claims "those assertions are factually incorrect and inconsistent with the materials contained in the SSA['s] electronic portal at the time of decision." *Id.* Ms. Perry's proposed Amended Complaint states "the medical record was fully-sufficient for a records-based determination. Doc. 26 at 3.

III.   **ANALYSIS**

    **A. MS. PERRY FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES BEFORE FILING THIS CIVIL ACTION.**

The Commissioner argues that Ms. Perry failed to exhaust her administrative remedies because she filed the present civil action before "obtain[ing] a 'final decision' that this Court can review." Doc. 15 at 1.

Congress amended the Social Security Act in 1939 and gave the Social Security Administration ("SSA") the "'full power and authority . . . to carry out' the Act." *Smith v. Berryhill*, 587 U.S. 471, 474–75 (2019) (quoting 42 U.S.C. § 405(a)). Nevertheless, Congress "provided for judicial review of 'any final decision of the [SSA] made after a hearing.'" *Id.* at 475 (quoting 42 U.S.C. § 405(g)). Thus, congressional authorization provided by the Social Security Act affords federal courts the authority to review appeals from final decisions issued by the SSA regarding disability benefits. *Id.* at 474. However, Congress explicitly limited such appeals, particularly indicating such "review would be available only 'as herein provided'—that is, only under the terms of [Section] 405(g)." *Id.* at 475 (quoting 42 U.S.C. § 405(h)).[1]

---

[1] Ms. Perry asserts in her Complaint "[t]his court has subject-matter jurisdiction under 28 U.S.C. § 1331." Doc. 1 at 5. However, in her later filings, Ms. Perry states she filed this claim pursuant to sentence four of 42 U.S.C. § 405(g). *See* Doc. 8 at 2, Doc. 10 at 1, Doc. 14 at 1–2, Doc. 16 at 1–2, Doc. 22 at 1. Title 42, United States Code, Section 405(h) proscribes actions to recover on Social Security claims under 28 U.S.C. §§ 1331 or 1346. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *see also Comack v. Comm'r, Soc. Sec. Admin.*, No. 23-11115, 2024 WL 4719238, at *3 (11th Cir. Nov. 8, 2024) ("[T]he Social Security Act provides that no action against the Commissioner may be brought pursuant to

Section 405(g), the exclusive statutory provision authorizing judicial review, "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Id.* at 478 (alteration in original) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The Supreme Court has described the second element as "nonjurisdictional." *Id.*

As an initial matter, Ms. Perry asserted in her Complaint she "filed a Supplemental Security Income ('SSI') disability application on September 27, 2025." Doc. 1 at 1. The Commissioner does not contest this assertion. *See* Doc. 15 at 5 ("[Ms. Perry] is not asking the Court to consider a matter that has never been before the Agency, rather her claim is currently pending with [the SSA].")). This acknowledgement satisfies Section 405(g)'s jurisdictional requirement, requiring Ms. Perry to present her claim to the SSA in the first instance. The Commissioner, however, contends Ms. Perry failed to satisfy the second element of Section 405(g),

---

[Section] 1331."), *cert. denied sub nom. Comack v. Dudek*, 145 S. Ct. 1964 (2025). Moreover, the Eleventh Circuit has held the only basis for federal court jurisdiction in social security cases arises from 42 U.S.C. § 405. *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) ("[T]he remedies outlined in [42 U.S.C. § 405] are the exclusive source of federal court jurisdiction over cases involving SSI."); *see also Meisner v. Kijakazi*, No. 22-CV-100 (PKC), 2022 WL 4458981, at *2 (E.D.N.Y. Sept. 22, 2022) ("Because the [Administrative Procedure Act] does not provide a source of federal court jurisdiction in this case, any jurisdiction must arise under the Social Security Act itself."). Therefore, the court will review this action pursuant to the subject matter jurisdiction exclusively granted under 42 U.S.C. § 405(g).

exhaustion of the administrative remedies prescribed by the SSA. *Id.*

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Rouzard v. Comm'r of Soc. Sec.*, No. 6:24-cv-585-CEM-LHP, 2025 WL 404917, at *5 (M.D. Fla. Jan. 28, 2025) (quoting *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997)), *report and recommendation adopted,* No. 6:24-cv-585-CEM-LHP, 2025 WL 404915 (M.D. Fla. Feb. 5, 2025). "[T]he doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue."  *Smith*, 587 U.S. at 482 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

The Social Security Act requires administrative exhaustion in most circumstances. *See* 42 U.S.C. § 405(g). Section 405(g) limits judicial review to "any final decision of the Commissioner of Social Security." "The term 'final decision' is . . . left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." *Weinberger*, 422 U.S. at 766 (citing 42 U.S.C. § 405(a)); *see also Smith*, 587 U.S. at 478 ("[Section] 405(g) delegates to the SSA the authority to dictate which steps are generally required . . . .").

The Supreme Court has summarized the procedure prescribed by the SSA for individuals to obtain a judicially reviewable final decision:

Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to h[er] eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 C.F.R. § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, [Section] 405(g) entitles h[er] to judicial review in federal district court.

*Smith*, 587 U.S. at 475–76; *see also* 20 C.F.R. § 416.1400(a) ("The administrative review process consists of several steps . . . . When you have completed the steps of the administrative review process . . . , we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court."). Therefore, a claimant obtains a final decision only if she appeals her claim through the administrative process and the Appeals Council issues a decision or a notice it has denied a claimant's request for review. *See* 20 C.F.R. §§ 416.1400(a), 416.1481.

Ms. Perry does not allege she exhausted her administrative remedies as required by 42 U.S.C. § 405(g). *See* Doc. 1 at 2, 6. Ms. Perry asserts she filed an application for benefits on September 27, 2025, *id.* at 3, she uploaded all required forms and documentation by December 2025, *id.* at 2, and she completed a consultative examination on December 31, 2025, *id.* Less than two weeks later, on January 12, 2026, she filed the present Complaint. *Id.* at 1. In her Complaint, she alleges that, as of the date of her filing, "the Social Security Administration ha[d]

not completed adjudication of [her] claim, ha[d] not provided required expedited handling for a documented dire-need case, and ha[d] not issued interim relief or a final decision, despite having all the information necessary to do so." *Id.* at 6.

In a January 20, 2026, motion seeking the court's judgment, Ms. Perry asserted the Social Security Administration issued a determination denying her application for benefits. Doc. 8 at 2 ("The Social Security Administration issued a denial determination . . . ."); *see also* Doc. 14 at 2 (requesting the court "[r]everse the Commissioner's final administrative decision denying benefits"), Doc. 16 at 2 (same), Doc. 34 at 1 (requesting "a revised, fully favorable determination, officially erasing the prior denial and updating [her] file status to 'Approved'"). Despite Ms. Perry's assertion this determination represents a final decision, Ms. Perry has not alleged she proceeded through all of the steps of the administrative process to appeal a denial. In addition, she has not provided a final decision for the court to review in the form of an Appeal's Council decision or denial of request for review. Therefore, the SSA's denial of her claim, which likely represents an initial decision, does not suffice to demonstrate Ms. Perry has exhausted her administrative remedies. [2]

---

[2] Furthermore, the January 20, 2026, motion requests correction of a "record-based error" related to a dispute between her and the SSA over the availability of certain medical records. Doc. 8 at 3. The court declines to address this issue, as it constitutes the exact type of issue best addressed in the first instance through the administrative process. *See Rouzard*, 2025 WL 404917, at *5 n.9 ("To the extent that Plaintiff argues that the records are deficient, missing, redacted, or inconsistent, the submissions Plaintiff provides in support do not demonstrate that a final decision

Nonetheless, the SSA or the courts may waive the administrative exhaustion requirement. *Smith*, 587 U.S. at 478. The Eleventh Circuit applies "a three-part test to determine whether waiver is applicable: (1) are the issues entirely collateral to the claim for benefits; (2) would failure to waive cause irreparable injury; and (3) would exhaustion be futile." *Id.* (quoting *Crayton*, 120 F.3d at 1220). "Exhaustion may be excused when the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority. . . ." *Crayton*, 120 F.3d at 1222.

Based upon the foregoing factors, Ms. Perry cannot obtain waiver of the Act's exhaustion requirements. She does not assert a "collateral constitutional issue that would allow the [c]ourt to excuse compliance with the requirement to exhaust administrative remedies." *Mineo v. Comm'r of Soc. Sec.*, No. 8:19-cv-3180-T-36JBT, 2020 WL 7383449, at *2 (M.D. Fla. Dec. 16, 2020). Although Ms. Perry asserts a due process violation alleging "[t]he agency's prolonged failure to act—despite full development of the record and repeated documentation of dire need—has deprived [her] of meaningful access to the administrative process and exposed

---

has been issued in this case (nor does Plaintiff argue that they do). Nor does Plaintiff argue that the allegedly deficient records prevented him from exhausting his administrative remedies.  Instead, it appears that Plaintiff relies on these materials to support the merits of his applications, requests for reconsideration, and/or waiver requests before the SSA, or his argument that the SSA did not timely or adequately respond to his requests. Because the documents do not go to the issue of exhaustion, these submissions are not further addressed herein.") (internal citations omitted).

12

[her] to ongoing and preventable harm[,]" Doc. 1 at 7, a "generic allegation is not enough to raise a colorable constitutional claim." *Pretzer v. Comm'r of Soc. Sec.*, No. 2:19-cv-735-SPC-NPM, 2023 WL 2706729, at *3 (M.D. Fla. Mar. 30, 2023); *see also Gonzalez v. U.S. Att'y Gen.*, 729 F. App'x 853, 856 (11th Cir. 2018).

Ms. Perry's "alleged delay by the SSA in the process of adjudicating the application[] and/or reconsideration and waiver requests at issue is not sufficient by itself to state a constitutional claim or demonstrate that waiver of the exhaustion requirements is warranted." *Rouzard*, 2025 WL 404917, at *6. While the court understands Ms. Perry's repeated assertions she needs financial support for basic necessities, *see* Doc. 1 at 7, Doc. 12 at 1, Doc. 13 at 1, Doc. 14 at 2–3, Doc. 16 at 2–3, "[Section] 405(b) does not provide a time by which the Social Security Administration must respond to a request for reconsideration." *Montalvo v. O'Malley*, No. 8:23-cv-02262-AAS, 2024 WL 711035, at *3 (M.D. Fla. Feb. 21, 2024).

Moreover, in *Heckler v. Day*, the Supreme Court held courts do not have the authority "to prescribe deadlines for agency adjudication of Title II disability claims and to order payment of interim benefits in the event of noncompliance." 467 U.S. 104, 110 (1984); *see also id.* at 110–11 ("[T]he legislative history makes clear that Congress, fully aware of the serious delays in resolution of disability claims, has declined to impose deadlines on the administrative process."). Courts have

recognized "[t]he four steps preceding judicial review . . . can drag on for years." *Smith*, 587 U.S. at 482; *see also Waddell v. Apfel*, No. 99-0578-CB-M, 2001 WL 102365, at *6 (S.D. Ala. Jan. 22, 2001) ("Delays are an unfortunate but inevitable aspect of both the administrative and judicial processes. . . .").

"[T]he principle that the judiciary cannot impose time tables for the Social Security Administration to complete its duties when Congress has not explicitly laid out time tables in the pertinent statute . . . appl[ies] here." *Dokic-Vukojevic v. Colvin*, No. 15-80044-CIV-MARRA/MATTHEWMAN, 2015 WL 7566688, at *5 (S.D. Fla. Oct. 26, 2015), *report and recommendation approved in part,* No. 15-80044-CIV-MARRA, 2015 WL 7566533 (S.D. Fla. Nov. 24, 2015). A "mere delay in one's ability to obtain a final decision does not trigger an exception to the exhaustion doctrine." *Waddell*, 2001 WL 102365, at *6.

In addition, some of Ms. Perry's claims do not constitute collateral issues. In the motions she filed after her Complaint, Ms. Perry repeatedly seeks reversal of the SSA's denial decision, remand of the case for further consideration by the SSA, and an award of retroactive benefits. *See* Doc. 8 at 3, Doc. 14 at 2, Doc. 16 at 3–4, Doc. 19 at 2, Doc. 21 at 2–3, Doc. 22 at 3, Doc. 34 at 1. These claims are not collateral issues; rather, they are requests for rulings on the merits of Ms. Perry's substantive application. *See Rouzard*, 2025 WL 404917, at *6 (recommending dismissal for failure to exhaust despite plaintiff referencing a due process issue when "at bottom,

14

Plaintiff takes issue with how the SSA is handling his claims and alleged delay related thereto"); *Comack*, 2024 WL 4719238, at *3 (holding waiver of exhaustion inapplicable because "Comack's allegations of error stem directly from his claim for benefits").

Finally, Ms. Perry does not claim administrative exhaustion represents a futile enterprise or that resolution of her claims falls outside the authority of the SSA. *See Comack*, 2024 WL 4719238, at *2. Ms. Perry seeks favorable resolution of her claim for benefits, a matter that lies squarely within the SSA's authority, and her "continued pursuit of [her] claim at the administrative level could potentially result in a disability determination in [her] favor." *Id.* at *3. Therefore, Ms. Perry has failed to demonstrate the rare circumstances required for the court to waive the administrative exhaustion requirement. *See Montalvo*, 2024 WL 711035, at *3.

Because Ms. Perry has not completed the administrative process before seeking judicial review, and she has not asserted sufficient reasons to waive the exhaustion requirement, this court must dismiss her complaint for failure to state a claim for relief. *See Comack*, 2024 WL 4719238, at *2; *Montalvo*, 2024 WL 711035.

**B. MS. PERRY HAS NOT DEMONSTRATED ENTITLEMENT TO RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT OR MANDAMUS RELIEF.**

Ms. Perry also seeks relief under the Administrative Procedure Act ("APA"), specifically 5 U.S.C. §§ 555(b) and 706(1), and mandamus relief under 28 U.S.C. §

15

1361. Doc. 1 at 4–8.

The Mandamus Act provides a district court original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Although 42 U.S.C. § 405(g) generally establishes the exclusive jurisdiction for federal courts to hear actions under the Social Security Act, *see* 42 U.S.C. § 405(h), the Eleventh Circuit has "assume[d], without deciding, that mandamus jurisdiction is not barred by 42 U.S.C. § 405(h)." *Lifestar Ambulance Serv., Inc. v. U.S.*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004). Accordingly, the court will assume, without deciding, Ms. Perry can assert a claim to mandamus relief for her social security case. Even so, the court finds she fails to establish jurisdiction for judicial review under the Mandamus Act.

"Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (citation omitted). "Mandamus jurisdiction may be exercised 'only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.'" *Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1036 (11th Cir. 2021) (quoting *Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011)). "Mandamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *Lifestar Ambulance Serv.*,

16

365 F.3d at 1295 (footnote omitted).

As previously discussed, Ms. Perry "fails to establish a clear right to her requested relief or a clear duty on the Commissioner to act in favor of her requested relief." *Zachery-Holt v. Kijakazi*, No. 8:22-cv-2506-MSS-AAS, 2023 WL 4931215, at *2 (M.D. Fla. May 22, 2023), *report and recommendation adopted*, No. 8:22-cv-2506-MSS-AAS, 2023 WL 4931170 (M.D. Fla. June 15, 2023). Moreover, Ms. Perry did not exhaust all other avenues of relief. She may still pursue the "administrative remedy . . . that [s]he failed to exhaust before filing" this Complaint. *Pretzer*, 2023 WL 2706729, at *3.

Consequently, the court finds Ms. Perry has not demonstrated the Commissioner possessed a clear, nondiscretionary duty to act on her claim in the several months that have passed since she first filed it. Hence, she cannot obtain mandamus relief. *See Cherleatha B.*, 2025 WL 3771287, at *8.

## C. MS. PERRY'S AMENDED COMPLAINT IS UNTIMELY AND FUTILE.

Ms. Perry initiated this action by filing her Complaint on January 12, 2026. Doc. 1. After the Commissioner moved to dismiss the Complaint on March 13, 2026, Ms. Perry filed a response to that motion on March 24, 2026. Docs. 15, 19. Subsequently, Ms. Perry filed an Amended Complaint on May 26, 2026, and she moved to amend her Complaint on June 9, 2026. Docs. 26, 31.

*First*, Ms. Perry's Amended Complaint does not meet the requirements of

17

Federal Rule of Civil Procedure 15. It was filed more than twenty-one days after the Commissioner filed his motion to dismiss. Additionally, Ms. Perry did not receive the Commissioner's written consent nor the court's leave.

*Second*, Ms. Perry's Amended Complaint is futile. It is based on the same core facts as her Complaint, specifically her interactions with the SSA. Doc. 26 at 2–4. Ms. Perry alleges "severe procedural violations, arbitrary barriers to access, and due process infractions that resulted in severe financial, housing, and medical harm." *Id.* at 1. Ms. Perry alleges this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and she purports to sue Frank Bisignano in his individual capacity. *Id.* Ms. Perry includes three counts in her Amended Complaint: (1) Administrative Stagnation and Denial of Equal Access to Benefits; (2) Failure to Apply Emergency Protections and POMS Authorities; and (2) Violation of Due Process Through Arbitrary and Conflicting Procedures. *Id.* at 5–6. She seeks: a declaratory judgment; an order "directing the prompt, constitutionally compliant review of the administrative record"; and punitive and emotional distress damages against Commissioner Bisignano. *Id.* at 7.

With respect to this court's jurisdiction, as discussed above, the only basis for federal court jurisdiction in social security cases arises from 42 U.S.C. § 405. *See supra* n.1. To the extent Ms. Perry seeks review of the SSA's action, her Amended Complaint fails to state a claim for the same reasons her Complaint fails to state a

18

claim. *See supra* III.A. To the extent Ms. Perry seeks relief from Commissioner Bisignano in his individual capacity pursuant to a *Bivens* action, such relief is foreclosed. *Schweiker v. Chilicky*, 487 U.S. 412, 424–25 (1988).

### D. MS. PERRY IS NOT ENTITLED TO A TEMPORARARY RESTRAINING ORDER OR A PRELIMINARY INJUNCTION.

On June 9, 2026, Ms. Perry filed a motion for a temporary restraining order and preliminary injunction. Doc. 30. She seeks "immediate injunctive relief to halt ongoing constitutional due process infractions, compel compliance with internal emergency safety-net protocols, and mitigate escalating, irreparable severe financial, housing, and medical injuries." *Id.* at 1. Ms. Perry alleges this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.* Ms. Perry's motion is based on the same core facts as her Complaint, specifically her interactions with the SSA. *Id.* at 2–5. Ms. Perry requests a temporary restraining order against Mr. Bisignano and the SSA, an order "directing the prompt, constitutionally compliant review of the administrative record," an order waiving the security bond requirement, and an order extending "Emergency Restraints" against Mr. Bisignano, the SSA, "and essential third parties (explicitly including Heritage Place Apartment Homes, L.L.C., Alabama Power Company, and T-Mobile US, Inc.)." *Id.* at 13–14.

With respect to this court's jurisdiction, as discussed above, the only basis for federal court jurisdiction in social security cases arises from 42 U.S.C. § 405. *See supra* n.1. Because Ms. Perry failed to exhaust her administrative remedies and did

19

not establish an alternative basis for this court's jurisdiction, the court lacks jurisdiction over her claims for injunctive relief. *See id.* at \*6. As discussed above, Ms. Perry does not present constitutional collateral issues. *See supra* III.A. Instead, all of her claims are part and parcel of the SSA's handling of her individual claim for benefits.

Finally, independent of the jurisdictional hurdles facing Ms. Perry, she does not satisfy the first *Winter* factor for injunction relief: she cannot establish a likelihood of success on the merits. Not only has Ms. Perry failed to exhaust her administrative remedies so this court may properly exercise judicial review of a final decision of the SSA, but Ms. Perry has not alleged a claim for relief that is plausible on its face.

\*     \*     \*     \*

The SSA raised an issue of "fabricated citations" and misrepresentations in Ms. Perry's motion for a temporary restraining order. *See* Doc. 30; Doc. 33 at 23–24. The court is aware that Ms. Perry has been warned by another court against such practices. The court warns Ms. Perry that fabricated citations and misrepresentations will not be tolerated. This is the only warning Ms. Perry will receive. Ms. Perry should expect that any future instances of fabricated citations and misrepresentations, in this case or any case in this court, will be sanctioned.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** the Commissioner's motion, Doc. 15, and **DISMISSES** Ms. Perry's claim **WITHOUT PREJUDICE**. The court **GRANTS IN PART** Ms. Perry's Motion to Submit Attached Records Into the Litigation Docket, Doc. 42, to the extent such documents are reflected on the docket. The court also **DENIES** Ms. Perry's Motion for Temporary Restraining Order and Preliminary Injunction and Motion to Amend Complaint Nunc Pro Tunc. Docs. 30, 31. Additionally, the court **DENIES** Ms. Perry's remaining motions as **MOOT** given the court has issued its Memorandum Opinion.

**DONE** and **ORDERED** this 3rd day of August, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

21